JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>                        Plaintiff,<br><br>  - against -<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>                        Defendant. | Case No. 22-cv-1239<br><br>**COMPLAINT** |

Plaintiff RLI Insurance Company ("RLI"), as and for its Complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC"), alleges upon information and belief as follows:

1. This subrogation action arises from loss or damage to cargo transported, or intended to be transported, by ocean carriage from Asia to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in the operative bill of lading, sea waybill, terms and condition of service, and/or contract of

carriage for the shipment at issue. Defendant MSC has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum selection clause.

4.   At all times relevant hereto, Plaintiff RLI was and now is a business entity organized and existing under Illinois law, with an office and place of business at 9025 No. Lindbergh Drive, Peoria, IL 61615.

5.   At all times relevant hereto, Plaintiff RLI was and now is an insurance company that insured the cargo described in Schedule A (the "Cargo"), which is annexed hereto and incorporated herein by reference.

6.   At all times relevant hereto, Defendant MSC was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018, engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

7.   In or about January 2021 at the place of receipt identified in Schedule A, the Cargo was tendered to and delivered into the custody and/or control of Defendant MSC (and/or its agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendant MSC received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration, in the shipping container and under the bill of lading/sea waybill identified in Schedule A.

8.   However, on or about February 17, 2021, numerous cargoes and containers fell overboard from the M/V MAERSK EINDHOVEN and were lost at sea in the North

Pacific (the "Casualty"), whiles others were physically damaged by the stow collapse, including those identified in Schedule A.

9.     Defendant MSC (and/or its agents, servants, and/or subcontractors) thus failed to deliver the Cargo to destination in the same good order and condition as it was received.

10.    By reason of the premises, Defendant MSC (and/or its agents, servants, and/or subcontractors, for whom Defendant MSC is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargo; was negligent and careless in its handling of the Cargo; and otherwise is liable for the loss and damage described herein.

11.    Following the Casualty, the shipper, consignee, and/or owner of the Cargo submitted an insurance claim to Plaintiff RLI under a policy then in full force and effect for the loss of and/or damage to the Cargo, which Plaintiff RLI paid.

12.    By virtue of the payment to the shipper, consignee, and/or owner of the Cargo, Plaintiff RLI became subrogated to all of their respective rights, remedies, and claims for relief with respect to the Cargo, including those asserted against Defendant MSC herein.

13.    Plaintiff RLI brings this action on its own behalf and on behalf of all parties who are or may become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff RLI is entitled to maintain this action.

14. All obligations and conditions precedent to be performed by the shipper, consignee, and/or owner of the Cargo, and/or Plaintiff RLI as subrogee, have been performed, waived, or otherwise excused by MSC.

15. By reason of the premises, Plaintiff RLI has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $106,689.20.

WHEREFORE, Plaintiff RLI prays:

i. that process be issued against Defendant MSC in due form of law according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

ii. that judgment be entered against Defendant MSC in favor of Plaintiff RLI in the amount of $106,689.20, together with costs and interest;

iii. for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: New York, New York
February 14, 2022

HILL RIVKINS LLP,
*Attorneys for Plaintiff*

By: _____

Justin M. Heilig
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600

## **SCHEDULE A**

Container No.: CXDU1907044
Cargo: 43" Televisions
Bill of Lading/Sea Waybill: MEDUV0542898
Shipper: DHL ISC o/b/o BOE Vision-Electronic Technology (Vietnam) Co., Ltd.
Consignee: Best Buy Purchasing LLC
Place of Receipt: Ho Chi Minh City, Vietnam
Place of Delivery: Los Angeles, California
Nature of Loss: Non-Delivery